## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANICE N. STUMP, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>HARRISBURG LIV BACON LLC and YELLOW CAB HOLDINGS PENNSYLVANIA LLC,<br><br>              Defendants. | Case No.:<br><br>_____<br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

### COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Shanice Stump ("Ms. Stump" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against Defendants Harrisburg LIV Bacon LLC and Yellow Cab Holdings Pennsylvania LLC (collectively "Defendants"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("PWPCL"), as follows:

## NATURE OF CASE

Defendants are a franchisee of Wendy's fast food restaurants, which own and operate approximately twelve (12) Wendy's restaurants in Southern and Central Pennsylvania and employ dozens of individuals in non-exempt positions. During their years of operation, Defendants have engaged in business practices that have violated the rights of their employees as they relate to their payment/wages. Specifically, Defendants have improperly edited their employees' time sheets, resulting in a failure to pay employees both regular wages for their work up to forty (40) hours per week and overtime wages for their work in excess of forty (40) hours per week. As such, Defendants received unpaid labor from their numerous non-exempt employees each day. This lawsuit is therefore brought as (a) a collective action under the FLSA and (b) a class action under Fed. R. Civ. P. 23, the PMWA, and PWPCL.

## PARTIES

### A.    Named Plaintiff

1.    Ms. Stump was employed by Defendants as a Shift Manager from in or about November 2021 until in or about September 2022 at one of Defendants' Wendy's franchised restaurants. Ms. Stump is a resident of the Commonwealth of Pennsylvania, residing in Dauphin County, Pennsylvania. Ms. Stump's consent to

join the collective action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

2.      At all times relevant to this Complaint, Ms. Stump, and all those similarly situated were "employees" of Defendants for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

B.      **Defendants**

3.      Defendant, Harrisburg LIV Bacon LLC, is a Delaware limited liability company with its principal place of business located at 1 Commercial Drive, Area E, Florida, New York 10921.

4.      Defendant, Yellow Cab Holdings Pennsylvania LLC, is a Delaware limited liability company with its principal place of business located at 106 Middle Creek Road, Gilbertsville, Pennsylvania 19525.

5.      Defendants, individually and collectively, are a franchisee of Wendy's fast food restaurants, which own and operate approximately twelve (12) Wendy's restaurants in Southern and Central Pennsylvania and employ dozens of individuals in non-exempt positions.

6.      At all times relevant to this action, Defendants were an "employer" as defined by the FLSA, PMWA, and PWPCL.

7.     At all times relevant to this Complaint, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.     At all times relevant to this Complaint, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because they have engaged employees in commerce. 29 U.S.C. § 203(s)(1).

9.     Defendants have had, and continue to have, an annual gross income of sales made, or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

10.     The FLSA authorizes court actions by private parties to recover damages for violations of their respective equal pay and wage/hour provisions. Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.     The PMWA and PWPCL each provide for a private right of action to enforce their provisions.    This Court has supplemental jurisdiction over Pennsylvania state law claims because, pursuant to 28 U.S.C. § 1367, Plaintiffs' state law claims are so intertwined with their federal claims as to form part of the same case and controversy.

12.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b).  A substantial portion of the unlawful employment practices complained of *infra* took

place within this District and the events and omissions giving rise to Named Plaintiff's claims occurred in this District.  Further, Defendants regularly transact substantial business within this District.

## FACTUAL ALLEGATIONS

### *Violations of the FLSA, PMWA, and PWPCL*

13.     Named Plaintiff was employed by Defendants as a Shift Manager at one of Defendants' Wendy's restaurants located in Harrisburg, Pennsylvania.

14.     Named Plaintiff has been required and/or permitted to work hours for which she was not compensated as a result of Defendants improperly editing Named Plaintiff's time sheet to omit hours worked, including hours subject to Named Plaintiff's regular hourly rate as well as hours in excess of forty (40) hours per workweek and subject to overtime pay.

15.     During their years of operation, Defendants have had a policy and practice of not correctly compensating their non-exempt employees by improperly editing employees' time sheets to omit hours worked, including hours subject to the employees' regular hourly rate as well as hours in excess of forty (40) hours per workweek and subject to overtime pay.

16.     The FLSA and PMWA require employers to compensate employees at a rate not less than minimum wage for all hours worked, and one and one-half

(1½) times the regular rate at which they are employed for any work in excess of forty (40) hours per week.

17.    Defendants uniformly denied wages and overtime pay to their employees by improperly editing employees' time sheets to omit hours worked. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA, PMWA, and PWPCL.

18.    On information and belief, Defendants adhered to the same policies and practices with respect to all their non-exempt employees.

19.    The net effect of Defendants' policies and practices, instituted and approved by Defendants' managers, is that Defendants willfully failed to pay both regular and overtime compensation and willfully failed to keep accurate time records to save payroll costs.

## COLLECTIVE ACTION ALLEGATIONS UNDER FLSA

20.    Defendants have engaged in systemic wage and hour violations against their non-exempt employees.  Defendants have caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

21.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices,

and procedures resulting in unpaid wages earned by non-exempt employees in Defendants' restaurants.

22.     Named Plaintiff brings Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective Action Class ("FLSA Collective Action Class).   The FLSA Collective Action Class is defined as follows:

> All individuals who are or have been employed by Defendants as non-exempt employees from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court who have not been compensated for all hours worked and/or who worked more than forty (40) hours per week without being paid at overtime rates.

23.     Named Plaintiff seeks to represent all non-exempt employees, as described above, on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record, and pay for, all hours worked, including overtime compensation.

24.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

25.     Questions of law and fact common to the Named Plaintiff and FLSA Collective Action Class include but are not limited to the following:

a.  Whether Defendants unlawfully failed and continue to unlawfully fail to compensate non-exempt employees for all work performed, including both regular and overtime hours;

b.  Whether Defendants' policy, practice, or procedure of failing to compensate non-exempt employees for all work performed violates the applicable provisions of the FLSA; and

c.  Whether Defendants' failure to compensate non-exempt employees for all work performed was willful within the meaning of the FLSA.

26.    Named Plaintiff's FLSA claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Named Plaintiff is similarly situated to the other non-exempt employees described in the FLSA Collective Action Class.  Named Plaintiff's claims are similar to the claims asserted by the FLSA Collective Action Class.

27.    Named Plaintiff and the FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendants' common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages.

## CLASS ACTION ALLEGATIONS UNDER THE PMWA AND PWPCL

28.    Named Plaintiff brings Count II for violations of the PMWA and Count III for violations of the PWPCL as a class action pursuant to Fed. R. Civ. P.

23 on behalf of all members of the State Class (the "State Class"). The State Class is defined as follows:

> All individuals who are or have been employed by Defendants as non-exempt employees in the Commonwealth of Pennsylvania from three (3) years prior to the filing date of this Complaint up until this State Class is finally certified by the Court, who have worked for Defendants without being paid at proper regular and/or overtime rates.

29.     Named Plaintiff seeks to represent all non-exempt employees who worked in the Commonwealth of Pennsylvania, as described above, on a class basis challenging, among other PMWA and PWPCL violations, Defendants' practice of failing to accurately record, and pay for, all hours worked, including overtime compensation. Defendants willfully violated the PMWA and PWPCL through their failure to properly pay Named Plaintiff and the State Class. Defendants knew and have been aware at all times that Named Plaintiff and the State Class were not paid for all regular and overtime hours they worked.

30.     The State Class as defined above is identifiable. Named Plaintiff is a member of the State Class.

31.     The State Class, upon information and belief, consists of dozens of individuals, both current and former employees of Defendants, and is thus so numerous that joinder of all members is impracticable.

32.     Furthermore, members of the State Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

33.     There are questions of law and fact which are not only common to the State Class, but which predominate over any questions affecting only individual members of the State Class.  The predominating common questions include, but are not limited to:

    a.  Did Defendants fail to pay both regular and overtime for all hours worked;

    b.  Did Defendants violate the PMWA;

    c.  Did Defendants act willfully, intentionally, and maliciously;

    d.  Did Defendants' failure to timely and fully pay employees all wages owed violate the PWPCL; and

    e.  Did Defendants' failure to pay employees all wages owed upon termination violate the PWPCL.

34.     The prosecution of the separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

35.     The claims of Named Plaintiff are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

36.     Named Plaintiff will fairly and adequately protect the interests of the State Class.

37.     Named Plaintiff has retained counsel experienced and competent in class actions and complex employment litigation.

38.     Named Plaintiff has no conflict of interest with the State Class.

39.     Named Plaintiff is able to represent and protect the interest of the members of the State Class fairly and adequately.

40.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the State Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

41.     There are no unusual difficulties in the management of this case as a class action.

42.     The books and records of Defendants are material to Named Plaintiff' case as they disclose the rate of pay, hours worked, and wages paid to members of the State Class.

## COUNT I

### (INVIDUAL AND COLLECTIVE ACTION CLAIMS)

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FAIR LABOR STANDARDS ACT"), 29 U.S.C. §§ 201, *ET SEQ.***
**FAILURE TO PAY REGULAR AND OVERTIME WAGES**
**(Named Plaintiff and FLSA Collective Action Class v. Defendants)**

43.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

44.     This Count is brought on behalf of Named Plaintiff and all members of the FLSA Collective Action Class.

45.     At all times material herein, Named Plaintiff and members of the FLSA Collective Action Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

46.     Named Plaintiff and members of the FLSA Collective Action Class are "employees" covered by the FLSA, and Defendants are their "employer." Defendants, as the employer of Named Plaintiff and members of the FLSA Collective Action Class, were and are obligated to pay Named Plaintiff and members of the FLSA Collective Action Class no less than minimum wage for all hours worked, and overtime at one and one-half times (1½) times their regular rate of pay for all hours worked over forty (40) hours in a workweek.

47.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of

goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

48.    Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce with customers in numerous states, and their employees are engaged in commerce.

49.    Defendants violated the FLSA by failing to pay at least minimum wage for all hours worked and for failing to pay overtime.  In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

50.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Named Plaintiff or members of the FLSA Collective Action Class.

51.    Named Plaintiff and members of the FLSA Collective Action Class are victims of a uniform compensation policy.  On information and belief, Defendants were and are applying the same unlawful compensation policy to all of their non-exempt employees.

52.    Named Plaintiff and members of the FLSA Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully

and knew, or showed reckless disregard for, whether their conduct was prohibited by the FLSA.

53.    Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages permitted by 29 U.S.C. § 216(b).

54.    As a result of the aforesaid willful violations of the FLSA's wage provisions, compensation has been unlawfully withheld by Defendants from Named Plaintiff and members of the FLSA Collective Action Class.    Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

55.    Named Plaintiff and the FLSA Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Named Plaintiff, Shanice Stump, on behalf of herself and the FLSA Collective Action Class, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, as follows:

A.    Designate this action as a collective action on behalf of the proposed FLSA Collective Action Class and

> a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely Fair Labor Standard Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

> b. Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.    Designate Named Plaintiff, Ms. Stump, as representative of the FLSA Collective Action Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D.    Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.    Award back pay to Named Plaintiff and the members of the FLSA Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the members of the FLSA Collective Action Class in the maximum amount available under the FLSA;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Collective Action Class;

H.    Award Named Plaintiff and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the FLSA;

I.    Award Named Plaintiff and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## COUNT II

### (INVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968, 43 P.S. §§ 333.101, *ET SEQ.***
**FAILURE TO PAY REGULAR AND OVERTIME WAGES**
**(Named Plaintiff and State Class v. Defendants)**

56.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

57.    Defendants are an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

58.    Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the PMWA exemptions apply to Named Plaintiff or members of the State Class.

59.    Named Plaintiff and members of the State Class are victims of a uniform compensation policy.  Upon information and belief, Defendants are applying the same unlawful compensation policy to all of their non-exempt employees.

60.    Defendants violated the overtime provisions of the PMWA as they failed to pay Named Plaintiff and members of the State Class at least minimum wage for all hours worked, and the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek.  Regular and overtime pay is, therefore, due and owing to Named Plaintiff and members of the State Class.

61.    The total amount of compensation due to Named Plaintiff and members of the State Class by Defendants constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

62.    Defendants' failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

63.    Defendants further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of

perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

64.     Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

## **PRAYER FOR RELIEF ON COUNT II**

WHEREFORE, Named Plaintiff, Shanice Stump, on behalf of herself and the State Class, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, as follows:

A.     Designate this action as a class action on behalf of the proposed State Class;

B.     Designate Named Plaintiff, Shanice Stump, as representative of the State Class;

C.     Designate Named Plaintiff's chosen counsel as counsel for the State Class;

D.     Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E.     Award back pay to Named Plaintiff and the members of the State Class, including a sum to compensate Named Plaintiff and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiff and the members of the State Class in the maximum amount available under the PMWA;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the State Class;

H.      Award Named Plaintiff and the members of the State Class pre-judgment and post-judgment interest available under the PMWA;

I.      Award Named Plaintiff and the members of the State Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT III

### (INVIDUAL AND CLASS ACTION CLAIM)

### VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. §§ 260.1, *ET SEQ.* FAILURE TO PAY WAGES (Named Plaintiff and State Class v. Defendants)

65.      Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

66.      Defendants are an "employer" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq.*

67.      Defendants contracted with Named Plaintiff and each member of the State Class to employ them at an agreed upon rate of pay.

68.     Named Plaintiff and members of the State Class are entitled to be paid for all hours worked at their regular rate of pay and one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

69.     Defendants have failed to pay Named Plaintiff and members of the State Class for all hours worked and one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.  Defendants have, therefore, failed to regularly pay Named Plaintiff and members of the State Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

70.     Accordingly, wages in the form of both regular and overtime pay are due and owing to Named Plaintiff and members of the State Class pursuant to Section 260.3(a) of the PWPCL.

71.     Defendants further violated the PWPCL through their failure to pay the Named Plaintiff and members of the State Class all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

72.     Defendants further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of

perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

73.    The total amount due to Named Plaintiff and members of the State Class by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

74.    In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the State Class are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due or $500.00, whichever is greater, in addition to all wages due.

75.    In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the State Class are entitled to reasonable attorneys' fees associated with this action.

76.    The wages withheld from Named Plaintiff and members of the State Class were not the result of any bona fide dispute.

77.    Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

## PRAYER FOR RELIEF ON COUNT III

WHEREFORE, Named Plaintiff, Shanice Stump, on behalf of herself and the State Class, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, as follows:

A.    Designate this action as a class action on behalf of the proposed State Class;

B.    Designate Named Plaintiff, Shanice Stump, as representative of the State Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the State Class;

D.    Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E.    Award back pay to Named Plaintiff and the members of the State Class, including a sum to compensate Named Plaintiff and the members of the State Class for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the members of the State Class in the maximum amount available under the PWPCL;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the State Class;

H.    Award Named Plaintiff and the members of the State Class pre-judgment and post-judgment interest available under the PWPCL;

I.    Award Named Plaintiff and the members of the State Class any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## JURY DEMAND

Named Plaintiff and all members of the FLSA Collection Action Class and PMWA and PWPCL State Class demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: <u>November 7, 2022</u>                    Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Larry A. Weisberg*
Larry A. Weisberg, PA 83410
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings, PA 83286
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, PA 313550
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley, PA 329880
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Tel.: (717) 238-5707
Fax: (717) 233-8133

*Counsel for Plaintiffs*