IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANICE STUMP, | ) <br> ) Civil Action No. 1:22-cv-1770 <br> ) <br> ) <br> ) MEHALCHICK, M.J. <br> ) <br> ) <br> ) *Electronically Filed* <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| HARRISBURG LIV BACON LLC, et al., | |
| Defendant. | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

**I.     INTRODUCTION**

Plaintiff Shanice Stump and Defendants Harrisburg LIV Bacon LLC and Yellow Cab Holdings Pennsylvania LLC (collectively, the "Parties") have reached a settlement in this matter.  Because Plaintiff alleged a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* among other claims, the Parties hereby submit this joint motion seeking approval of the settlement.  The Parties respectfully request the Court to approve the settlement because it is a fair and reasonable resolution of a *bona fide* dispute.

**II.     FACTUAL BACKGROUND**

Defendants operate Wendy's franchise restaurants in Central Pennsylvania. Plaintiff was employed in Pennsylvania by Defendants as a Shift Manager from November 2021 until September 2022.  Plaintiff has alleged that she was required

to work hours for which she was uncompensated.

Plaintiff filed this lawsuit on November 7, 2022 (Doc. 1), to pursue her claims of unpaid overtime and other wages under the FLSA and Pennsylvania law. Plaintiff filed the action making allegations both for herself and a purposed collective / class of similarly situated worked under the FLSA and state laws. Defendants dispute the allegations of the Complaint and argue that Plaintiff and others were properly compensated for all hours worked. Defendants deny owing Plaintiff or any other members of an alleged collective / class any additional compensation under the FLSA or Pennsylvania law.

As a result of arm-length negotiations between the parties and their respective attorneys, the Parties have reached a settlement of $22,500.00, with $12,967.60 payable to Plaintiff and $9,532.40 payable to her attorney, representing $9,000.00 in attorney fees, based upon a 40% contingency fee agreement, and $532.40 in reimbursement for costs incurred. (Ex. A hereto)

### III. LEGAL ARGUMENT

Claims arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, can be settled or compromised by employees when either the Secretary of Labor supervises an employer's payment of unpaid wages to employees pursuant to 29 U.S.C. §216(c), or a district court approves the settlement pursuant to 29 U.S.C. § 216(b). *Cuttic v. Crozer-Chester Med. Ctr.,* 868 F. Supp.2d 464, 466 (E.D. Pa.

2012). Once parties present the district court with a proposed settlement under §216(b), "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Lynn's Food Stores Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982)).

The Court should approve this settlement because it is a fair and reasonable resolution of a *bona fide* dispute over the validity of Plaintiff's FLSA claims. There is a *bona fide* dispute. Plaintiff claims that she was not paid for all hours worked, whereas Defendants assert that Plaintiff, as well as any other member of a purported collective or class, were properly compensated for all hours worked. Therefore, there is a *bona fide* dispute as to the validity of Plaintiff's FLSA and other claims.

The Parties' settlement of this *bona fide* dispute is fair and reasonable. Plaintiff alleges that she was unpaid, on average, for more than 10 hours of overtime per week. The agreed upon settlement of $22,500 compensates Plaintiff for almost 12 hours of overtime per week, even after attorney fees and costs have been paid.

Finally, based upon representations by Defendants that there are no other individuals similarly situated to Plaintiff with respect to the allegations made under the FLSA or state law, Plaintiff does not wish to pursue certification of a collective or class action. Insofar as no other individuals have opted into Plaintiff's FLSA

collective action, this settlement would not bind any other members of the purported collective / class or prejudice any rights of any other members of the purported collective / class.

The Parties were both represented by counsel who vigorously advocated for their respective clients, resulting in a fair and reasonable resolution, which this Court should approve.

## IV.   CONCLUSION

The Parties respectfully request that the Court approve the settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA, and enter the enclosed Order.

Dated:  March 1, 2023

Respectfully submitted,

**JACKSON LEWIS, P.C.**

*/s/ Micahel S. Friedman*
Michael S. Friedman
Attorney I.D. No. 88228 (PA)
766 Shrewsbury Ave.
East Building, Suite 101
Tinton Fall, NJ 07724

*Attorney for Defendants*

Dated:  March 1, 2023

**WEISBERG CUMMINGS, P.C.**

*/s/ Larry A. Weisberg*
Larry A. Weisberg
2704 Commerce Drive, Suite B
Harrisburg, PA 17110.9380

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2023, the foregoing document was served via ECF upon all counsel of record.


                                                  */s/ Larry A. Weisberg*
                                                  Larry A. Weisberg